UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM DEREK McPHEETERS, Jr.                                          PLAINTIFF

v.                                            CIVIL ACTION NO. 3:13-CV-P876-H

NELSON CIRCUIT COURT                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, William Derek McPheeters, Jr., *pro se* initiated this *in forma pauperis* action on his own paper which he styled "Moition for Judgement From Municipal Court to Federal Court." This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff is incarcerated at the Bullitt County Detention Center. As Defendant, Plaintiff names the Nelson Circuit Court. He states that he wants a "federal ruling on the matter of child support being illegal." He claims that no one has been able to pay a debt since June 5, 1933, when the United States suspended the gold standard. He states: "A violation of my 5th Amendment, which require that all person within the United States must be given due process of law and equal protection of the law." Although Plaintiff's allegations are not a model of clarity, the Court gleans that Plaintiff is challenging the Nelson Circuit Court's ability to determine that Plaintiff owes child support.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

First, the Court notes that Plaintiff is challenging a decision of the Nelson Circuit Court. However, this Court has no authority to reverse a state court decision. Under the *Rooker-Feldman* doctrine, a federal district court may not hear an appeal of a case already litigated in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The United States Supreme Court is the only federal court with jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 482. "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). "The *Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v.*

*Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted). Therefore, dismissal for lack of subject-matter jurisdiction is appropriate. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Moreover, Plaintiff's reference to the suspension of the gold standard in 1933 indicates that Plaintiff is invoking the so-called "redemption theory," or some variant thereof. Courts have characterized the redemption theory as "implausible" and "clearly nonsense," *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 760 (W.D. Va. 2007), as well as "convoluted" and "peculiar." *United States v. Allison*, 264 F. App'x 450, 452 (5th Cir. 2008) (per curiam). The assertion that no person has been able to pay a debt since 1933 is clearly meritless. *United States v. True*, No. 6:02-CV-951-ORL19JGG, 2003 WL 22905188, at *3 (M.D. Fla. Oct. 27, 2003) ("The meritlessness of this argument is obvious."). Therefore, dismissal as frivolous is also appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's complaint for lack of jurisdiction and as frivolous.

Date:


cc: Plaintiff, *pro se*
 Nelson County Attorney
4412.009

3